# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

QUASHAWN SHERIDAN,

Plaintiff,

v.

GARBARINI, *et.al.*,

Defendants.

Case No. 3:26-CV-00104-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Quashawn Sheridan's ("Sheridan") application to proceed *in forma pauperis*, (ECF Nos. 1), and proposed complaint, (ECF No. 1-1). For the reasons stated below, the Court recommends that Sheridan's *in forma pauperis* application, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, with prejudice.

## I.   *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Based on the information regarding Sheridan's financial status, (*See* ECF No. 1), the Court finds that Sheridan is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Accordingly, the Court recommends that Sheridan's application to proceed IFP, (ECF No. 1), be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

In his complaint, Sheridan sues Defendants Gabarini, Mclemore, RPD T. Jones, Katelyn Cantu, and X-Tanacian Porn. (ECF No. 1-1.) As presented, the complaint is difficult to understand and hard to follow. However, from what the Court can discern, the complaint alleges that sometime in July 2024, Sheridan engaged in sexual activity with a person named Tracy Brown ("Brown"). (ECF No. 1-1 at 7, 9.) The complaint then alleges Brown allowed Defendant X-Tanacian to record a video of this encounter without

3

Sheridan's knowledge. (*Id.*) Thereafter, at some point in time in 2026, Sheridan's truck was confiscated by the officers of the Reno Police Department after Sheridan allegedly refused to "conspire" with Defendant X-Tanacian to "do more videos". (*Id.* at 2.) The complaint alleges that some point in time, Sheridan was unstable, became incapacitated, and was ultimately arrested. (*Id.* at 3-6.) Sheridan also makes vague allegations relating to X-Tanacian's attempts to "steal [Sheridan's] father's life insurance policy and [Sheridan's] business plans. (*Id.* at 8.)

In sum, it appears the complaint is alleging that certain RPD officers conspired with Brown and X-Tanacian to steal Sheridan's truck and have him arrested due to his refusal to participate in more porn videos. (*Id.* at 9.) The complaint lists claims for "beauty defamation, cruel and unusual punishment, violation of protection clause, and extortion" based on these alleged facts. (*Id.* at 8-10). The only remedy sought for these alleged claims is a transfer of Sheridan from Washoe County "to another county to envoke (sic) a speedy trial." (ECF No. 1-1 at 11.)

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation and internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556-57; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations and internal quotation marks omitted).

4

As currently pled, the complaint is a narrative that is vague, rambling, nonsensical, and filled with incomplete sentences. The largely incomprehensible narrative makes it impossible for the Court to determine the factual or legal basis for his claims. Further, Sheridan does not provide sufficient information to determine which causes of action he wishes to proceed under, nor does he show how he is entitled to the relief sought.

For these reasons, Sheridan's complaint does not comply with the requirements of Rule 8(a)(2). However, the Ninth Circuit has instructed that courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). As Sheridan is a *pro se* litigant, the Court recommends dismissal of Sheridan's complaint with leave to amend to allow Sheridan the opportunity to provide the necessary factual detail and information.

If Sheridan chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the Court. Sheridan should clearly title the amended pleading as "First Amended Complaint." Additionally, Sheridan is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P.

10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Thus, for each Defendant and each claim, Sheridan must allege true facts sufficient to show that the Defendant violated his rights and provide sufficient facts to establish that the Court has subject-matter jurisdiction over this case and that the District of Nevada is the proper venue.

The Court notes that, if Sheridan chooses to file an amended complaint curing the deficiencies, as outlined in this order, Sheridan should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Sheridan chooses not to file an amended complaint curing the stated deficiencies, the action will be subject to dismissal for failure to state a claim.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Sheridan's application to proceed *in forma pauperis*, (ECF No. 1), be granted, and his complaint, (ECF No. 1-1), be dismissed, without prejudice, and with leave to amend.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

///

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Sheridan's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Sheridan not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Washoe County Jail pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **QUASHAWN SHERIDAN, INMATE NO. #2514486** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1), but **NOT** issue summons at this time.

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1), be **DISMISSED without prejudice and with leave to amend**.

**IT IS FURTHER RECOMMENDED** that that the Clerk of the Court **SEND** to Sheridan the approved form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983, instructions for the same, a copy of his original complaint (ECF No. 1-1), and a courtesy copy of General Order No. 2021-05.

**IT IS FURTHER RECOMMENDED** that if Sheridan chooses to file an amended complaint curing the deficiencies of his original complaint, as outlined in this order, Sheridan shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

///

**IT IS FURTHER RECOMMENDED** that if Sheridan chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court recommends dismissal of this action for failure to state a claim.

**DATED**: March 12, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**