# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

QUASHAWN SHERIDAN,

Plaintiff,

v.

GARBARINI, *et al.*,

Defendants.

Case No. 3:26-cv-00104-MMD-CLB

ORDER

*Pro se* Plaintiff Quashawn Sheridan filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and a proposed complaint (ECF No. 1-1 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending the IFP application be granted and the Complaint be dismissed without prejudice and with leave to amend. (ECF No. 3.) Plaintiff had until March 26, 2026 to file an objection. (*Id.*) To date, no objection has been filed. For that reason, and as further explained below, the Court will adopt the R&R in full.

Because there was no objection, the Court need not conduct de novo review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). The Court agrees with Judge Baldwin that, based on the financial information provided to the Court, Plaintiff cannot afford an initial installment payment toward the full filing fee under 28 U.S.C. § 1915. (ECF No. 3 at 2.) The Court therefore grants Plaintiff's IFP application. (ECF No. 1.) The Court further agrees with Judge Baldwin that the Complaint "is vague, rambling, nonsensical, and filled with incomplete sentences" such that it is difficult for the Court to determine the claims and the relief requested. (ECF No. 3 at 5.) Accordingly, the Complaint does not

comply with Rule 8 of Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Considering Plaintiff's *pro se* status, the Court agrees with Judge Baldwin that Plaintiff should be given leave to amend the Complaint in order to provide the necessary factual detail and information. (ECF No. 3 at 5 (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).)

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is accepted and adopted in full.

It is further ordered that Plaintiff's IFP application (ECF No. 1) is granted.

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff should file the amended complaint within 30 days from the date of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the action will be subject to dismissal for failure to state a claim.

DATED THIS 1st Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE